

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 514-1673

December 19, 2023

**Via CM/ECF**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

     RE:   *Corazon De Cristo Cano v. Biden*, No. 22-56094

Dear Ms. Dwyer:

     Pursuant to Federal Rule of Appellate Procedure 28(j), we write to inform the Court of a recent development in *Biden v. Feds for Medical Freedom*, No. 23-60 (U.S.). As the government explained, the district court in that case issued a nationwide injunction barring enforcement of the vaccination requirement for certain federal employees that is also challenged by plaintiffs here. *See* Gov't Br. 6 n.2; *Feds for Med. Freedom v. Biden*, 581 F. Supp. 3d 826 (S.D. Tex.) (enjoining enforcement of Executive Order 14,043 nationwide), *vacated and remanded*, 30 F.4th 503 (5th Cir.), *reh'g en banc granted, panel opinion vacated per curiam*, 37 F.4th 1093 (5th Cir. 2022), *aff'd on reh'g en banc*, 63 F.4th 366 (5th Cir.).

     On December 11, 2023, following the revocation of the vaccination requirement, *see* Exec. Order No. 14,099, 88 Fed. Reg. 30,891, 30,891 (May 9, 2023) (revoking Executive Orders 14,042 and 14,043) (Revocation EO), the Supreme Court vacated the Fifth Circuit's en banc judgment upholding the preliminary injunction and remanded "with instructions to direct the District Court to vacate as moot its order granting a preliminary injunction," Order List (Dec. 11, 2023) (attached). As the government explained, Gov't Br. 12-15, the Revocation EO also renders plaintiffs' claims here moot.

Sincerely,

*/s/David L. Peters*
David L. Peters

cc:    All counsel (via CM/ECF)

(ORDER LIST: 601 U.S.)

MONDAY, DECEMBER 11, 2023

CERTIORARI -- SUMMARY DISPOSITIONS

22-1225     PAYNE, JASON V. BIDEN, PRESIDENT OF U.S., ET AL.

The petition for a writ of certiorari is granted.  The
judgment is vacated, and the case is remanded to the United
States Court of Appeals for the District of Columbia Circuit
with instructions to dismiss the case as moot.  See *United
States* v. *Munsingwear, Inc.*, 340 U. S. 36 (1950).  Justice
Jackson, concurring: Although I would require that the party
seeking vacatur establish equitable entitlement to that remedy,
I accede to vacatur here based on the Court's established
practice when the mootness occurs through the unilateral action
of the party that prevailed in the lower court.  See *Acheson
Hotels, LLC* v. *Laufer*, 601 U. S. ___ (2023) (Jackson, J.,
concurring in the judgment).

23-60       BIDEN, PRESIDENT OF U.S., ET AL. V. FEDS FOR MEDICAL FREEDOM, ET AL.

The petition for a writ of certiorari is granted.  The
judgment is vacated, and the case is remanded to the United
States Court of Appeals for the Fifth Circuit with instructions
to direct the District Court to vacate as moot its order
granting a preliminary injunction.  See *United States* v.
*Munsingwear, Inc.*, 340 U. S. 36 (1950).  Justice Jackson,
dissenting: In my view, the party seeking vacatur has not
established equitable entitlement to that remedy.  See *Acheson
Hotels, LLC* v. *Laufer*, 601 U. S. ___ (2023) (Jackson, J.,

1

concurring in the judgment).

23-154     KENDALL, SEC. AIR FORCE, ET AL. V. DOSTER, HUNTER, ET AL.

The petition for a writ of certiorari is granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Sixth Circuit with instructions to direct the District Court to vacate as moot its preliminary injunctions. See *United States* v. *Munsingwear, Inc.*, 340 U. S. 36 (1950). Justice Jackson, dissenting: In my view, the party seeking vacatur has not established equitable entitlement to that remedy. See *Acheson Hotels, LLC* v. *Laufer*, 601 U. S. ___ (2023) (Jackson, J., concurring in the judgment).

### ORDERS IN PENDING CASES

23M36     DARDAGAN, SUVAD V. TRUITT, WARDEN

The motion to direct the Clerk to file a petition for a writ of certiorari out of time is denied.

23M37     SEALED V. SEALED

The motion for leave to file a petition for a writ of certiorari under seal with redacted copies for the public record is granted.

23M38     DOWNEY, MARK V. JOHN H. LANGE PLUMBING

The motion to direct the Clerk to file a petition for a writ of certiorari out of time is denied.

23M39     D. E. V. RUSSELL CTY. DEPT. OF HR

The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.

23M40     I. M. V. JORGENSEN, JUSTICE

The motion for leave to file a petition for a writ of certiorari under seal is denied.

23M41      ELLINGTON, AZARIAH M., ET AL. V. STRATTON, MARIA J., ET AL.

The motion to direct the Clerk to file a petition for a writ of certiorari out of time under Rule 14.5 is denied.

23M42      HALL, DANIEL E. V. BROCHU-REYNOLDS, DEVON

The motion for leave to file a petition for a writ of certiorari with the supplemental appendix under seal is granted.

23M43      LAZA, JERRY V. PALESTINE, TX

The motion to direct the Clerk to file a petition for a writ of certiorari out of time is denied.

23M44      AKERMAN, MARTIN V. NEVADA NATIONAL GUARD

The motion for leave to proceed as a veteran is granted.

22-899      SMITH, JASON V. ARIZONA

The motion of the Solicitor General for leave to participate in oral argument as *amicus curiae* and for divided argument is granted.

22-915      UNITED STATES V. RAHIMI, ZACKEY

The motion of Professor Lorianne Updike Toler for leave to file out of time a brief as *amicus curiae* is denied.

22-7488     ADAMS, ALEX V. DAVIS, LORIE, ET AL.

The motion of petitioner for reconsideration of order denying leave to proceed *in forma pauperis* is denied.

23-217      E.M.D. SALES, INC., ET AL. V. CARRERA, FAUSTINO S., ET AL.

The Solicitor General is invited to file a brief in this case expressing the views of the United States.

23-467      GARCIA, BENANCIO V. HOBBS, SEC. OF STATE OF WA

The motion of Susan Soto Palmer, et al. for leave to intervene is denied.

23-5438     SALERNO, FOX J. V. THORNELL, DIR., AZ DOC, ET AL.

The motion of petitioner for reconsideration of order denying leave to proceed *in forma pauperis* is denied.

23-5681    WEIBLE, JUSTIN V. PROVOST, KEVIN, ET AL.

23-5957    BRONSON, KHADIJAH V. D.C. DEPT. OF BUILDINGS

23-5990    SIMMONS, KIRK A. V. SCARANTINO, THOMAS

The motions of petitioners for leave to proceed *in forma pauperis* are denied. Petitioners are allowed until January 2, 2024, within which to pay the docketing fees required by Rule 38(a) and to submit petitions in compliance with Rule 33.1 of the Rules of this Court.

### CERTIORARI DENIED

22-601     LAKE, PETER, ET AL. V. NEXTERA ENERGY, ET AL.

22-1107    GREGORY, MATTHEW, ET AL. V. BROWN, ELISE

22-1202    SPIRIT OF THE EAST, LLC V. YALE PRODUCTS INC., ET AL.

22-7769    MORANT, TYRONE D. V. STANGE, WARDEN

23-6       BRICKMAN, COLIN R. V. UNITED STATES, ET AL.

23-7       HAMLET, LYNN V. HOXIE, OFFICER

23-61      O'BOYLE, MARTIN E., ET AL. V. GULF STREAM, FL

23-74      VITAGLIANO, DEBRA A. V. COUNTY OF WESTCHESTER, NY

23-95      ESFORMES, PHILIP V. UNITED STATES

23-98      LEMELSON, GREGORY, ET AL. V. SEC

23-107     CLEMENTS, LOUIS M. V. FLORIDA, ET AL.

23-115     ELLDAKLI, FATHI E. S. ET AL. V. GARLAND, ATT'Y GEN., ET AL.

23-166     HILTON HOTELS RETIREMENT PLAN V. WHITE, VALERIE, ET AL.

23-183     E. PAC. SHIPPING PTE, LTD. V. GANPAT, KHOLKAR VISHVESHWAR

23-195     HASHIM, AARON, ET AL. V. COHEN, MALIA M., ET AL.

23-198     LEWIS, JAMAR M. V. UNITED STATES

23-255     JOHNSON, COOPER D. V. COHEN, MALIA M., ET AL.

23-271  LYNCH, RYAN V. CONDOMINIUMS OF BUENA VISTA, INC

23-272 ) WINTERVILLE POLICE DEPT., ET AL. V. SHARPE, DIJON
    )
23-276 ) SHARPE, DIJON V. WINTERVILLE POLICE DEPT., ET AL.

23-277  KARRI, USHA S. V. GARLAND, ATT'Y GEN., ET AL.

23-281  FUSTOLO, STEVEN C. V. PATRIOT GROUP, ET AL.

23-284  H. C. V. NYC DEPT. OF EDUCATION

23-296  KISER, MICHAEL L., ET AL. V. DUKE ENERGY CAROLINAS, LLC, ET AL.

23-299  KHALID, ATM SHAFIQUL V. CITRIX SYSTEMS, INC.

23-305  RICE, LARRY V. INTERFOOD, INC., ET AL.

23-311  CONNOLE, KEITH M. V. GARBARINO, JUDGE, ET AL.

23-313  DeBOSE, ANGELA V. UNIV. OF S. FL, ET AL.

23-316  DAVIS, CURTISS V. BONILLA, PEDRO, ET AL.

23-338  BUSH, BYRON V., ET UX. V. RELIANT BANK, ET AL.

23-340  PEREZ, ALEJANDRO E. V. WALT DISNEY CO.

23-346  WALPOOL, TORRIANO V. TEXAS

23-347  MARTIN, ROWLAND J. V. BRAVENEC, EDWARD, ET AL.

23-349  ESSLINGER, DONALD, ET UX. V. BASS, SHAWN, ET UX.

23-352  ROGALSKI, CHRISTOPHER A. V. LAUREATE ED., INC.

23-355  KERN, DONNIE T. V. BD. OF SUPERVISORS ALLEGHANY CTY

23-356  KERN, DONNIE T. V. VIRGINIA

23-358  ANDREWS, KEITH V. KINNETT, JARRED B., ET AL.

23-359  WRIGHT, KELVIN L. V. USDC WD TX

23-360  SHARIF, RICHARD, ET AL. V. FOX, HORACE

23-372  JARRETT, TOREY V. SEIU LOCAL 503, ET AL.

23-379  BARTH, JOHN S. V. DEPT. OF JUSTICE, ET AL.

23-385  HULBERT, CLAYTON, ET AL. V. POPE, BRIAN T.

23-398  HOWE, HENRY H. V. GILPIN, STEVEN, ET AL.

23-408  ASTRAZENECA PHARMACEUTICALS LP V. IVIE, SUZANNE

23-412      ENGEL, SENECA L. V. ENGEL, DEREK, ET AL.

23-418      CONCERNED HOUSE. ELEC., ET AL. V. EPA

23-422      SHERROD, SHIRLEY T., ET AL. V. SU, ACTING SEC. OF LABOR

23-435      McNEIL, MINOR L. V. SANDERS, GOV. OF AR, ET AL.

23-438      CLARK, AUSTIN R. V. BENDAPUDI, NEELI, ET AL.

23-439      BOYDSTON, JIM, ET AL. V. WEBER, CA SEC. OF STATE, ET AL.

23-453      SPEC. RISK INS. SERVICES, INC. V. GLAXOSMITHKLINE, LLC

23-458      DE COLA, THOMAS V. STARKE CTY. COUNCIL, ET AL.

23-459      IBRAHIM, MARK S. V. UNITED STATES

23-464      BOERMEESTER, MATTHEW V. CARRY, AINSLEY, ET AL.

23-469      WITT, ANDREW P. V. UNITED STATES

23-483      GONZALEZ, MAURICIO V. UNITED STATES

23-487      VASHISHT-ROTA, APARNA V. HOWELL MANAGEMENT SERVICES, LLC

23-490      JEVONS, ENRIQUE, ET AL. V. INSLEE, GOV. OF WA, ET AL.

23-494      MACNEIL IP LLC V. YITA LLC

23-499      ESQUIVEL-CARRIZALES, JESUS L. V. UNITED STATES

23-502      EZUKANMA, NOBLE U. V. UNITED STATES

23-511      BELL, TERRENCE R. V. SUN WEST MORTGAGE CO., INC.

23-513      SMITH, SHERIFF, ET AL. V. ROGERS, JERRY

23-5090     BROWN, TRAVIS J. V. CALIFORNIA

23-5209     POLING, KELLY V. KIJAKAZI, COMM'R, SOCIAL SEC.

23-5275     NOLASCO-ARIZA, AMBROSIO V. UNITED STATES

23-5310     FAVORITE, JOSEPH T. V. UNITED STATES

23-5367     WU, REBECCA V. TWIN RIVERS UNIFIED SCH. DIST.

23-5381     HARPER, DAVID L. V. ADAMS, WILLIAM P., ET AL.

23-5383     DUPRIEST, RAMHAM V. NEW JERSEY

23-5502     HERNANDEZ-LOPEZ, JUAN A. V. UNITED STATES

23-5513     HAMILTON, RICKEENA V. TENNESSEE

23-5630     SLINEY, JACK R. V. FLORIDA

23-5646     JAH EL, ABRAHAM K. V. PALM BEACH, FL, ET AL.

23-5650     PANGHAT, LIJO P. V. DEPT. OF VA, ET AL.

23-5652     DORSEY, BRIAN J. V. VANDERGRIFF, WARDEN

23-5657     DEERE, ARTHUR R. V. GRAY, CLERK, USDC CD CA

23-5660     HONIE, TABERON D. V. POWELL, WARDEN

23-5661     MARTINEZ, ARNALDO V. FLORIDA

23-5664     SINDACO, ROBERT E. V. FLORIDA

23-5670     DARRIES, WILLIE V. CORNELIUS, R. P.

23-5679     STEPHENSON, JOSHUA V. MAY, WARDEN, ET AL.

23-5684     DAHL, WILLIAM J. V. WISCONSIN

23-5690     LAL, AZHAR V. UNITED STATES, ET AL.

23-5693     THOMPSON, LAWRENCE E. V. TEXAS

23-5697     FAROOQ, ASEM V. MANHEIM REMARKETING, ET AL.

23-5702     MILASKI, IAN A. V. FLORIDA

23-5703     OHAN, FESTUS O. V. ABN AMRO, ET AL.

23-5712     GWEN, GERALD V. V. MAYES, ATT'Y GEN. OF AZ, ET AL.

23-5723     WEST, JAMES D. V. DIXON, SEC., FL DOC, ET AL.

23-5729     HENDERSON, TITUS V. BOUGHTON, WARDEN, ET AL.

23-5731     PANZLAU, REBEKAH V. ADAMS CTY. HOUSING AUTH.

23-5737     WILSON, ROGER V. DEPT. OF JUSTICE, ET AL.

23-5741     GRANT, HEWITT A. V. DIXON, SEC. FL DOC

23-5745     HAMMOND, ZEPHRYN V. UNIV. OF VT MEDICAL CENTER

23-5753     LATHAM, BEN J. V. ALASKA

23-5757     RAMIREZ-FORT, MARIGDALIA K. V. MEDICAL UNIV. OF SC, ET AL.

23-5760     LOMAX, MATTIE T. V. UNITED STATES

23-5761     MORSE, TIMOTHY V. CLERK, CLINTON DIST. CT.

23-5769     JEFFERSON, BRANDON M. V. FORD, ATT'Y GEN. OF NV, ET AL.

23-5792    CHANDLER, KEVIN V. NEAL, WARDEN

23-5801    DUCOTE, JEFFERY V. HOOPER, WARDEN

23-5808    JENNINGS, RODNEY V. PHILLIPS, WARDEN

23-5814    LAMOUREUX, JUSTIN A. V. FLORIDA

23-5822    RUSSOMANNO, GINA V. SUNOVION PHARMACEUTICALS, ET AL.

23-5833    ROULO, SEAN W. V. MINNESOTA

23-5843    BELGRAVE, CLEON V. PUBLIX SUPER MARKET, INC.

23-5847    NGUYEN, MAI-TRANG T. V. UNITED STATES

23-5849    BROWN, BRYAN H. V. NEW HAMPSHIRE

23-5861    PIERRE, JOSEPH V. DIXON, SEC., FL DOC

23-5867    BRYANT, ANITA V. DELAWARE CTY. TREASURER, ET AL.

23-5868    KEO, NICKY S. V. MASSACHUSETTS

23-5872    EL, AUBREY J. V. DEPT. OF COMMERCE

23-5873    ROSS, BENJAMIN R. V. UNITED STATES

23-5876    PORTER, CHRISTIAN L. V. UNITED STATES

23-5878    JOHNSTON, ANDREW J. V. UNITED STATES

23-5879    JOHNSON, RICHARD W. V. UNITED STATES

23-5880    MARTINEZ-HERNANDEZ, JOSE F. V. UNITED STATES

23-5882    MERRITTE, WALTER L. V. CIRCUIT COURT OF IL

23-5886    GIBBS, PHILLIP C. V. CARL, WARDEN

23-5889    WILLIAMS, CHRISTOPHER M. V. SHOOP, WARDEN

23-5891    HIDALGO, LUIS A. V. GARRETT, WARDEN, ET AL.

23-5893    ZMRUKHTYAN, TIGRAN V. UNITED STATES

23-5894    BRANDON, MYRON L. V. UNITED STATES

23-5896    RICHARDSON, FRANK V. UNITED STATES

23-5898    HAYWARD, CHRISTIAN V. UNITED STATES

23-5899    ISABELLA, RANDE B. V. UNITED STATES

23-5902    COLE, KALEB J. V. UNITED STATES

23-5906    ACKIES, CAREY V. UNITED STATES

23-5907    JONES, BRIAN V. UNITED STATES

23-5909    ZEVELY, ERIC A. V. UNITED STATES

23-5910    DAMERI, STUART A. V. UNITED STATES

23-5912    CATHEY, DARRELL V. UNITED STATES

23-5913    ROLON, JULIO V. UNITED STATES

23-5917    DIAZ-DIAZ, SALVADOR V. UNITED STATES

23-5919  )  THOMAS, WILKINSON O. V. UNITED STATES
        )
23-5975  )  CAPISTRANO, CAESAR M. V. UNITED STATES

23-5920    RAMIREZ-MORENO, LEOPOLDO V. UNITED STATES

23-5921    SARKISS, VAHE V. UNITED STATES

23-5922    EZENWA, MAXWELL C. V. UNITED STATES

23-5925    JOHNSON, ISAAC V. UNITED STATES

23-5926    SPRINGFIELD, JAHVARIS L. V. UNITED STATES

23-5927    MARTINEZ-ALBERTO, KATERIN V. UNITED STATES

23-5928    BEITER, MICHAEL D. V. UNITED STATES

23-5933    LYNCH, SAMUEL L. V. UNITED STATES

23-5934    JENKINS, WALTER L. V. UNITED STATES

23-5936    SANTOS-FLORES, HECTOR F. V. UNITED STATES

23-5939    NORTHINGTON, BRETT V. UNITED STATES

23-5940    LOPEZ, JOHN P. V. UNITED STATES

23-5941    RANDLE, GREGORY L. V. UNITED STATES

23-5942    SINGLETARY, CHRISTOPHER R. V. UNITED STATES

23-5944    JOHNSON, KAYLIN E. V. UNITED STATES

23-5947    TROTTER, KRAIG M. V. UNITED STATES

23-5949    WRIGHT, RAMONE L. V. UNITED STATES

23-5952    WILLIAMS, SEMAJ L. V. UNITED STATES

23-5955    PARKS, KYLE M. V. UNITED STATES

```
23-5956      McCORKLE, ERIQ R. V. ROBINSON, NORM

23-5959      EDWARDS, JASON C. V. LEMON, WARDEN

23-5960      WRIGHT, BRANDON K. V. UNITED STATES

23-5962      ECKFORD, LEON C. V. UNITED STATES

23-5966      ERICKSEN, JONATHAN V. UNITED STATES

23-5969      MAKDISSI, SEMAAN V. FLORIDA

23-5971      FEZIA, KEVONDRIC V. UNITED STATES

23-5973      DUERSON, RICHARD C. V. UNITED STATES

23-5978      PERSON, BRIAN K. V. UNITED STATES

23-5979      VARGAS-HERNANDEZ, DANIEL V. UNITED STATES

23-5980      ARELLANO, EDGAR V. CALIFORNIA

23-5981      LEON, NESTOR V. UNITED STATES

23-5982      SMALL, GARNET V. UNITED STATES

23-5986      RUIZ, FRANCISCO R. V. WIERENGA, JORDAN

23-5995      MESSER, JAKE V. UNITED STATES

23-5997      BAXTON, JAMES V. UNITED STATES

23-5998      CHAVEZ, GILBERTO A. V. UNITED STATES

23-5999      CHI, ANSON V. UNITED STATES

23-6018      CURRICA, CALVIN F. V. MILLER, WARDEN

23-6022      LIU, KEVIN V. POLLARD, WARDEN

23-6026      REHWALD, PHILLIP V. PENNSYLVANIA, ET AL.
```

The petitions for writs of certiorari are denied.

```
22-7652      JONES, MARK A. V. DIXON, SEC., FL DOC
```

The motion of petitioner for reconsideration of order denying leave to proceed *in forma pauperis* is granted. The order entered October 2, 2023, is vacated. The petition for a writ of certiorari is denied.

```
23-186       NV DOC, ET AL. V. GALANTI, PHILIP R.
```

The motion of respondent for leave to proceed *in forma pauperis* is granted.  The petition for a writ of certiorari is denied.

23-457    CATES, TERRANCE N. V. ZELTIQ AESTHETICS, INC.

The petition for a writ of certiorari is denied.  Justice Alito took no part in the consideration or decision of this petition.

23-5651    WILLIBY, HARRY J. V. BRIN, SERGEY, ET AL.

The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed.  See Rule 39.8.

23-5683    SMITH, MARY L., ET AL. V. SANDERS, GOV. OF AR, ET AL

The motion of petitioner Tiffany Smith for leave to proceed *in forma pauperis* is denied.  Petitioner Tiffany Smith is allowed until January 2, 2024, within which to pay the docketing fee required by Rule 38(a) and to submit a petition in compliance with Rule 33.1 of the Rules of this Court.  The petition for a writ of certiorari as to petitioner Mary Smith is denied.

23-5705    SAMPSON, MICHAEL V. UNITED STATES, ET AL.

The petition for a writ of certiorari before judgment is denied.

23-5715    GULLETT-EL, TAQUAN R. V. IRS, ET AL.

23-5888    THOMPSON, HOWARD L. V. FLORIDA, ET AL.

23-5929    ANDREWS, ANTHONY V. UNITED STATES

23-5961    ROBINSON, MARTIN V. OH CIVIL RIGHTS COMM'N, ET AL.

The motions of petitioners for leave to proceed *in forma pauperis* are denied, and the petitions for writs of certiorari

are dismissed.  See Rule 39.8.

## HABEAS CORPUS DENIED

23-5937     IN RE JOHN L. TAYLOR

23-5989     IN RE KEVIN McKENNA

23-5992     IN RE JOHN BAILEY

23-6054     IN RE CHRISTOPHER THIEME

The petitions for writs of habeas corpus are denied.

## MANDAMUS DENIED

23-345      IN RE JEFFRY THUL

23-5674     IN RE DONNELLY J. LeBLANC

23-5881     IN RE DAVID JAH

The petitions for writs of mandamus are denied.

## REHEARINGS DENIED

22-977      BRUNS, JENNY, ET VIR V. USAA, ET AL.

22-1245     RISTOW, BRENT A. V. PETERSON, DOUGLAS R., ET AL.

22-1252     LI, DONGMEI V. CONNECTICUT, ET AL.

22-7031     DIEHL, DAVID A. V. UNITED STATES

22-7392     CLARK, MOSES V. PRATT, GLEN E.

22-7642     TORREZ, JULIO A. V. CALIFORNIA

22-7705     KWONG, MATTHEW J. V. CHESWOLD, LLC, ET AL.

22-7782     MORGAN, STEPHANIE V. PRIME WIMBLEDON LLC, ET AL.

22-7786     YIN, LEI V. BIOGEN INC.

23-8        HUNT, CHRISTOPHER M. V. NATIONSTAR MORTGAGE, ET AL.

23-16       RIETSCHIN, AXEL V. RIETSCHIN, DOMINIKA

23-54       SCOTT, ROBERT M. V. FORCHT BANK, N.A.

23-112      McELROY, IAN A. V. CORVALLIS, OR

23-126      BLESSETT, JOE V. ABBOTT, GOV. OF TX, ET AL.

23-159      PEREZ, ANTONIO V. CITY OF MIAMI, CODE ENFORCEMENT

23-190      BONDYOPADHYAY, PROBIR K. V. UNITED STATES

23-268      KEENAN, CAROLYN F. V. RIVER OAKS PROPERTY OWNERS, INC.

23-5013     JURY, BRIAN V. OHIO

23-5037     MARTINEZ, PATRICK L. V. LUMPKIN, DIR., TX DCJ

23-5050     KNIGHT, NICKHOLAS V. BIDEN, PRESIDENT OF U.S., ET AL.

23-5082     RICHTER, WILLIAM V. TRUITT, WARDEN

23-5109     LINDSEY, CARL V. JENKINS, WARDEN

23-5117     IN RE JEFFREY A. SIMMS

23-5142     COUNTS, JOSEPH V. MAINE

23-5215     WRIGHT, AISHA V. UNION PACIFIC R. CO.

23-5333     RAMZIDIN, ABUSSAMAA R. V. ONOFRI, ANGELO J., ET AL.

23-5385     KNOLL, ADAM V. FLORIDA

23-5406     PORTER, KECIA V. USAA CASUALTY INSURANCE CO.

23-5442     JOHNSON, WAYNE J. V. CALIFORNIA

23-5485     POUPART, PAUL M. V. LOUISIANA

23-5680     VILLA, DANIEL V. CIR

       The petitions for rehearing are denied.

22-5518     LUCAS, SANDRA Y. V. KIJAKAZI, COMM'R, SOCIAL SEC.

       The motion for leave to file a petition for rehearing is

denied.

Cite as: 601 U. S. ____ (2023) 1

THOMAS, J., dissenting

# SUPREME COURT OF THE UNITED STATES

## BRIAN TINGLEY *v.* ROBERT W. FERGUSON, ATTORNEY GENERAL OF WASHINGTON, ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 22–942. Decided December 11, 2023

The petition for a writ of certiorari is denied. JUSTICE KAVANAUGH would grant the petition for a writ of certiorari.

JUSTICE THOMAS, dissenting from the denial of certiorari.

This petition asks us to consider whether Washington can censor counselors who help minors accept their biological sex. Because this question has divided the Courts of Appeals and strikes at the heart of the First Amendment, I would grant review.

I

There is a fierce public debate over how best to help minors with gender dysphoria. The petitioner, Brian Tingley, stands on one side of the divide. He believes that a person's sex is "a gift from God, integral to our very being." Pet. for Cert. 7. As a licensed marriage and family counselor, Tingley seeks to assist minors who suffer from gender dysphoria but "want to become comfortable with their biological sex." *Ibid.* Tingley does so through "talk therapy"—*i.e.*, therapy conducted solely through speech. The State of Washington is on the other side of the divide. Its view is that the State should "protec[t] its minors against exposure to serious harms caused by" counseling to change a minor's gender identity, Note, Wash. Rev. Code §18.130.180 (2018), and, as a result, that counselors should only affirm a minor's chosen gender identity.

Washington silenced one side of this debate by enacting S.B. 5722, 65th Leg., Reg. Sess. (2018) (SB 5722). SB 5722

THOMAS, J., dissenting

prohibits licensed healthcare providers from "[p]erforming conversion therapy on a patient under age eighteen." §18.130.180(26).  According to Washington, "[c]onversion therapy" is "a regime that seeks to change an individual's sexual orientation or gender identity."  §18.130.020(4)(a). Washington excludes from the definition of "[c]onversion therapy" counseling "that provide[s] acceptance, support, and understanding of clients or the facilitation of clients' coping, social support, and identity exploration and development that do[es] not seek to change sexual orientation or gender identity."  §18.130.020(4)(b).  In other words, helping a minor become comfortable with his biological sex is prohibited "conversion therapy," while encouraging a minor to change his "outward, physical traits" to "alig[n] . . . with [his] gender identity" is not.  Dept. of Health and Human Services, Office of Population Affairs, Gender-Affirming Care and Young People 1 (Aug. 2023).  Violations of SB 5722 are punishable by fines up to $5,000, "remedial education," suspension from practice, and license revocation. Wash. Rev. Code §18.130.160.

After Washington enacted SB 5722, Tingley filed suit, arguing that SB 5722 violates the First Amendment by restricting his speech based on its viewpoint and content. The Ninth Circuit, however, held that SB 5722 does not regulate speech at all.  It reasoned that counseling is a type of medical treatment and qualifies as only professional conduct. 47 F. 4th 1055, 1080 (2022).  In the alternative, the Ninth Circuit held that counseling is unprotected by the First Amendment because there is a "tradition of regulation governing the practice of those who provide health care within state borders."  *Ibid.*  The Ninth Circuit denied rehearing en banc over the statement of Judge O'Scannlain, joined by three others, and Judge Bumatay's dissent.  See 57 F. 4th 1072 (2023).

The Ninth Circuit's opinion created a Circuit split.  Two years earlier, the Eleventh Circuit concluded that near-

THOMAS, J., dissenting

identical Florida municipal ordinances *did* regulate speech. *Otto* v. *Boca Raton*, 981 F. 3d 854, 859, 865 (2020). The Eleventh Circuit held the ordinances unconstitutional because they prohibited speech based on content and viewpoint, and could not satisfy strict scrutiny. *Id.*, at 864–870. The Third Circuit has also held that laws restricting talk therapy designed to change a client's sexual orientation regulate speech, not conduct. *King* v. *Governor of New Jersey*, 767 F. 3d 216, 224 (2014), abrogated on other grounds by *National Institute of Family and Life Advocates* v. *Becerra*, 585 U. S. 755 (2018). Tingley asks us to resolve this Circuit split and review whether SB 5722 violates the First Amendment. We should have.

## II

There is little question that SB 5722 regulates speech and therefore implicates the First Amendment. True, counseling is a form of therapy, but it is conducted solely through speech. "If speaking to clients is not speech, the world is truly upside down. [SB 5722] sanction[s] speech directly, not incidentally—the only 'conduct' at issue is speech." *Otto*, 981 F. 3d, at 866; see *King*, 767 F. 3d, at 228 (noting that "it would be strange indeed to conclude" talk therapy is conduct when "the same words, spoken with the same intent" by a student is speech).

It is a "fundamental principle that governments have 'no power to restrict expression because of its message, its ideas, its subject matter, or its content.'" *National Institute of Family and Life Advocates*, 585 U. S., at 766 (quoting *Reed* v. *Town of Gilbert*, 576 U. S. 155, 163 (2015); some internal quotation marks omitted)). A law that restricts speech based on its content or viewpoint is presumptively unconstitutional and may be upheld only if the state can prove that the law is narrowly tailored to serve compelling state interests. *Ibid.*

Thomas, J., dissenting

Under SB 5722, licensed counselors can speak with minors about gender dysphoria, but only if they convey the state-approved message of encouraging minors to explore their gender identities. Expressing any other message is forbidden—even if the counselor's clients ask for help to accept their biological sex. That is viewpoint-based and content-based discrimination in its purest form. As a result, SB 5722 is presumptively unconstitutional, and the state must show that it can survive strict scrutiny before enforcing it.

The Ninth Circuit attempted to sidestep this framework by concluding that counseling is unprotected by the First Amendment because States have traditionally regulated the practice of medicine. See 47 F. 4th, at 1080. The Court has already made clear its "reluctan[ce] to 'exemp[t] a category of speech from the normal prohibition on content-based restrictions.'" *National Institute of Family and Life Advocates*, 585 U. S., at 767 (quoting *United States* v. *Alvarez*, 567 U. S. 709, 722 (2012) (plurality opinion)). Accordingly, the Court has instructed that states may not "impose content-based restrictions on speech without 'persuasive evidence . . . of a long (if heretofore unrecognized) tradition' to that effect." 585 U. S., at 767 (quoting *Brown* v. *Entertainment Merchants Assn.*, 564 U. S. 786, 792 (2011); some internal quotation marks omitted). Despite this instruction, the Ninth Circuit did not offer a single example of a historical regulation analogous to SB 5722, which targets treatments conducted solely through speech. See 57 F. 4th, at 1082 (O'Scannlain, J., statement respecting denial of rehearing en banc) (explaining the panel's "citations are not merely insufficient evidence—they are not even relevant evidence").

This case is not the first instance of the Ninth Circuit restricting medical professionals' First Amendment rights, and without the Court's review, I doubt it will be the last. This Court recently reversed the Ninth Circuit's decision to

THOMAS, J., dissenting

uphold a law compelling crisis pregnancy centers to disseminate government-drafted notices. *National Institute of Family and Life Advocates*, 585 U. S., at 765–66. The Ninth Circuit declined to apply strict scrutiny because it concluded that the law regulated only "professional speech." *Id.*, at 767. As we explained, however, "[s]peech is not unprotected merely because it is uttered by 'professionals.'" *Ibid.* And, we warned that "regulating the content of professionals' speech 'pose[s] the inherent risk that the Government seeks not to advance a legitimate regulatory goal, but to suppress unpopular ideas or information.'" *Id.*, at 771 (quoting *Turner Broadcasting System, Inc.* v. *FCC*, 512 U. S. 622, 641 (1994)). That warning has proved prescient.

*      *      *

"If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein." *West Virginia Bd. of Ed.* v. *Barnette*, 319 U. S. 624, 642 (1943). Yet, under SB 5722, licensed counselors cannot voice anything other than the state-approved opinion on minors with gender dysphoria without facing punishment. The Ninth Circuit set a troubling precedent by condoning this regime. Although the Court declines to take this particular case, I have no doubt that the issue it presents will come before the Court again. When it does, the Court should do what it should have done here: grant certiorari to consider what the First Amendment requires.

Cite as: 601 U. S. \_\_\_\_ (2023)　　　1

ALITO, J., dissenting

# SUPREME COURT OF THE UNITED STATES

## BRIAN TINGLEY *v.* ROBERT W. FERGUSON, ATTORNEY GENERAL OF WASHINGTON, ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 22–942.　Decided December 11, 2023

JUSTICE ALITO, dissenting from the denial of certiorari.

Like JUSTICE THOMAS, I would grant the petition for a writ of certiorari. This case presents a question of national importance. In recent years, 20 States and the District of Columbia have adopted laws prohibiting or restricting the practice of conversion therapy. It is beyond dispute that these laws restrict speech, and all restrictions on speech merit careful scrutiny.

There is a conflict in the Circuits about the constitutionality of such laws. Compare, 47 F. 4th 1055 (CA9 2022), with *Otto* v. *Boca Raton*, 981 F. 3d 854 (CA11 2020). And the Ninth Circuit's holding is based on the highly debatable view that its prior decision in *Pickup* v. *Brown*, 740 F. 3d 1208 (2014), survived at least in part our decision in *National Institute of Family and Life Advocates* v. *Becerra*, 585 U. S. \_\_\_, \_\_\_ (2018) (slip op., at \_\_\_) which singled out *Pickup* for disapproval.

For these reasons, this case easily satisfies our established criteria for granting certiorari, see this Court's Rule 10(a), and I would grant review.

Cite as: 601 U. S. ____ (2023)          1

ALITO, J., dissenting

# SUPREME COURT OF THE UNITED STATES

VIVEK H. MURTHY, SURGEON GENERAL, ET AL. *v.* MISSOURI, ET AL.

ON MOTION FOR LEAVE TO INTERVENE

No. 23–411.  Decided December 11, 2023

The motion of the Kennedy Plaintiffs for leave to intervene is denied.

JUSTICE ALITO, dissenting from the denial of the motion to intervene.

Although intervention in this Court is reserved for unusual circumstances, see S. Shapiro, K. Geller, T. Bishop, E. Hartnett, D. Himmelfarb, Supreme Court Practice § 6.16(c), p. 6–62 (11th ed. 2019), I would grant the motion now before us.  Allowing intervention would not unduly prejudice the parties, but the denial of intervention may cause irreparable harm to the movant.

This case concerns what two lower courts found to be a "coordinated campaign" by high-level federal officials to suppress the expression of disfavored views on social media platforms that now serve as the primary source of news about important public issues for many Americans.  *Missouri* v. *Biden*, 83 F. 4th 350, 392 (CA5 2023).  One of the alleged victims of this campaign is Robert F. Kennedy, Jr., who is a candidate for President of the United States.  The District Court found that Government officials have asked social media platforms to block Mr. Kennedy's efforts to communicate with the public and that the platforms have complied.  See *Missouri* v. *Biden*, ___ F. Supp. 3d ___, ___, 2023 WL 4335270, *5, *9, *40 (WD La., July 4, 2023).  Mr. Kennedy brought a suit similar to the one now before us, but his case is stuck in the District Court, which will not rule on his motion for a preliminary injunction until we decide this case.  See *Missouri* v. *Biden*, 2023 WL 4721172, *2

Alito, J., dissenting

(WD La., July 24, 2023). Mr. Kennedy has therefore moved to intervene here to protect his rights.

Because Mr. Kennedy's arguments on the merits are essentially the same as respondents', allowing intervention would not significantly affect petitioners' burden with regard to that issue. But the denial of intervention is likely to prevent Mr. Kennedy from vindicating the rights he claims until the spring of 2024 and perhaps as late as June of that year. And by that time, several months of the Presidential campaign will have passed.

In fact, denying intervention may prevent Mr. Kennedy from obtaining redress for an even longer period. In successfully arguing that we should stay the preliminary injunction entered below, the Government contended strenuously that respondents lack standing. If the Court ultimately agrees with that argument and orders that this case be dismissed, our decision will provide little guidance for deciding Mr. Kennedy's case, and Mr. Kennedy will be required to wait until the District Court separately assesses his claims.

In addition, allowing Mr. Kennedy to intervene would ensure that we can reach the First Amendment issues, notwithstanding the Government's contention that respondents lack standing. Indeed, because Mr. Kennedy has been mentioned explicitly in communications between the Government and social media platforms, he has a strong claim to standing, and the Government has not argued otherwise.

Our democratic form of government is undermined if Government officials prevent a candidate for high office from communicating with voters, and such efforts are especially dangerous when the officials engaging in such conduct are answerable to a rival candidate. I would allow him to intervene to ensure that we can reach the merits of respondents' claims and to prevent the irreparable loss of his First Amendment rights.